UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DWONKA ELAINE COMPTON,

    Plaintiff,

    v.

LOWE'S COMPANIES, INC.,

    Defendant.

Case No. 08-cv-809-JPG

## **MEMORANDUM AND ORDER**

    This matter comes before the Court on the Motion to Dismiss (Doc. 11) filed by Defendant Lowe's Companies, Inc. Defendant asserts that Plaintiff has never properly served it with a summons nor requested it waive service of summons. Plaintiff filed this suit on November 14, 2008. When service had not been evidenced by April 8, 2009, Magistrate Judge Clifford J. Proud issued an order warning Plaintiff that failure to serve Defendant with a summons or request waiver of service by May 8 would result in dismissal of the action pursuant to Federal Rule of Civil Procedure 4(m). According to Defendant, Plaintiff then served a copy of the complaint on a Lowe's employee on April 27, 2009. Three days later, on April 30, 2009, Plaintiff served a copy of the complaint on Corporation Service Company. As the Court understands it, Corporation Service Company is Defendant's agent authorized to receive service on its behalf. Plaintiff did not serve a summons nor request waiver of service of summons with either copy of the complaint. On May 18, 2009, Defendant filed the instant Motion to Dismiss.

    In her response, untimely filed on July 6, 2009, Plaintiff asserts that, as a *pro se* litigant, she was unaware that she was required to serve Defendant with a summons. She assured the Court that she would serve the summons on Defendant immediately. On July 21, 2009, Plaintiff filed what appears to be a UPS tracking sheet for a package sent from Earth City, Missouri on

July 7 and delivered to Chicago, Illinois on July 8. Plaintiff hand wrote at the bottom of the tracking sheet, "This is my proof of summons executed."

The Court is loathe to dismiss a potentially meritorious claim on a "technicality" like imperfect service of process. *Coleman v. Milwaukee Bd. of School Directors*, 290 F.3d 932, 935 (7th Cir. 2002) (Evans, J., dissenting). All the same, "a defendant . . . that wants to stand on formalities, for whatever reason, is entitled to do so." *Troxell v. Fedders of North America, Inc.*, 160 F. 3d 381, 383 (7th Cir. 1998). And, while the Court must liberally construe *pro se* pleadings, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hudson v. McHugh*, 148 F.3d 859, 864 (7th Cir. 1998), liberal construction does not mean that *pro se* litigants are exempt from court rules. *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001); *see Members v. Paige*, 140 F.3d 699, 702 (7th Cir.1998) ("[R]ules apply to uncounseled litigants and must be enforced."). In the end, the Court has discretion to decide whether to extend the time for a litigant to effectuate service. *Coleman*, 290 F.3d at 934.

Here, it is clear that Defendant has actual notice of the complaint against it. Furthermore, Defendant has not shown that its ability to defend the suit has been harmed in any way by the delay in service. In addition, although dismissal would be without prejudice, the statute of limitations may preclude Plaintiff from refiling her suit. On the other hand, it does not appear to the Court that Plaintiff has made any attempt to read Rule 4, nor Judge Proud's Order of April 8, nor any of the excellent resources available to *pro se* litigants so helpfully consolidated by Defendant as exhibits to its Motion to Dismiss. In short, the Plaintiff has willfully kept herself ignorant of the rules under which this Court operates.

After balancing the hardships, the Court will exercise its discretion to allow Plaintiff additional time to effectuate service in accordance with Rule 4. The Court **DENIES** Defendant's

Motion to Dismiss (Doc. 11). Additionally, the Court **DENIES** Defendant's Motion to Strike Plaintiff's Response (Doc. 16). However, **Plaintiff is hereby notified that this case will be dismissed pursuant to Fed.R.Civ.P.4(m) unless she either serves Defendant with a summons or obtains a waiver of service from Defendant by September 18, 2009.** Service of process shall be made as set forth in Rule 4 of the Federal Rules of Civil Procedure. Plaintiff should note that Rule 4(d) permits plaintiff to request defendant to waive service of a summons. Forms for the preparation of summons and request for waiver may be obtained from the Office of the Clerk of Court. The Court strongly advises Plaintiff to read the Federal Rules of Civil Procedure, paying particular attention to Rule 4(h), Serving a Corporation, and Rule 4(l), Proving Service.

**IT IS SO ORDERED.**
**DATED: July 29, 2009**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**