UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DWONKA ELAINE COMPTON, | | |
| Plaintiff, | | |
| v. | | Case No. 08-cv-809-JPG |
| LOWE'S COMPANIES, INC., | | |
| Defendant. | | |

### MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff Dwonka Elaine Compton's Motion for Default Judgment (Doc. 29). Defendant Lowe's Home Centers, Inc. ("Lowe's"), improperly named as Lowe's Companies, Inc., filed a Response (Doc. 32). Compton alleges that Lowe's made no effort to defend this action from the time of service of Lowe's attorney up to the filing of Compton's motion, thereby necessitating default judgment. For the reasons that follow, the Court **DENIES** Compton's motion. Additionally, the Court **ORDERS Compton to show cause on or before December 18, 2009, why her failure to properly serve Lowe's should not result in the granting of Lowe's renewed Motion to Dismiss (Doc. 24).**

Federal Rule of Civil Procedure 55(b)(2) allows a party to apply for *judgment* by default after an *entry* of default has first been made. *See, e.g., UMG Recordings, Inc. v. Stewart*, 461 F. Supp. 2d 837, 840 (S.D. Ill. 2006) ("Obtaining a default judgment entails two steps . . . [the first of which requires a] party seeking a default judgment . . . [to] file a motion for entry of default with the clerk of a district court by demonstrating that the opposing party has failed to answer or otherwise respond to the complaint . . . ."). Therein lies Compton's first problem, as she has yet to apply for and receive entry of default; accordingly, her motion is premature.

Nevertheless, even if Compton had received entry of default from the Clerk of Court, the Court finds service has not been properly effectuated.  Service on a corporation may be made "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . ." Fed. R. Civ. P. 4(h)(1)(B).  However, "it is well-established that service upon a party's attorney is insufficient unless the attorney has been appointed specifically for that purpose."  *Trotter v. Oppenheimer & Co., Inc.*, No. 96 C 1238, 1997 WL 102531, at *2  n. 4 (N.D. Ill. Mar. 4, 1997); *see also U.S. v. Ziegler Bolt and Parts Co.*, 111 F.3d 878, 881 (Fed. Cir. 1997) ("The mere relationship between a defendant and his attorney does not, in itself, convey authority to accept service . . . the record must show that the attorney exercised authority beyond the attorney-client relationship, including the power to accept service.").  Further, while Rule 4(h)(1)(A) permits Compton to utilize state law in achieving service, Illinois does not generally deem service of a private corporation's counsel to be effective as to his client.  735 ILL. COMP. STAT. 5/2-204 (West 2009); *Sarelas v. Fagerburg*, 45 N.E.2d 690, 615-16 (Ill. App. Ct. 1942) ("it is not the law that service on a corporation may be effected by serving a[n] . . . attorney.").

Here, Compton made service upon Lowe's attorney in this matter, Timothy Wolfe. Nothing in the record indicates that Lowe's had authorized Wolfe to accept service on its behalf under Rule 4(h).  Although Wolfe had entered his appearance by the time of purported service and Lowe's response did not contain an affidavit concerning his lack of authority to accept service for his client (as is commonplace when Rule 4(h) is at issue), the response itself made clear that Wolfe was not so authorized.  Compton apparently does not dispute Lowe's stance by not replying to its argument, despite the fact that "it is the plaintiff who ordinarily bears the burden of demonstrating that the district court had personal jurisdiction over the parties,

2

including valid service of process." *Homer v. Jones-Bey*, 415 F.3d 748, 754 (7th Cir. 2005).

Accordingly, service has still not been properly effectuated in this case.  Put another way, even if

entry of default had occurred, default judgment against Lowe's would be improper because

personal jurisdiction over Lowe's does not exist.  *See, e.g., Eggers v. Shepard*, No. 1:09-cv-142-

DFH-JMS, 2009 WL 1649770 (S.D. Ind. June 9, 2009); *see also Omni Capital Int'l Ltd. v.

Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987).  The Court need not consider Lowe's additional

arguments on this issue due to the inherent defects in Compton's motion.

Of course, Lowe's renewed Motion to Dismiss (Doc. 24), which addresses many of the

issues taken up in this order, remains on the table.  The following is well-settled:

> If service of the summons and complaint is not made upon a defendant within 120
> days after the filing of the complaint, the court, upon motion or on its own
> initiative after notice to the plaintiff, *shall* dismiss the action without prejudice as
> to that defendant or *direct that service be effected within a specified time;
> provided that if the plaintiff shows good cause for the failure, the court shall
> extend the time for service for an appropriate period.*

Fed. R. Civ. P. 4(m) (emphasis added).  Courts have interpreted Rule 4(m) to require a court to

grant an extension if the plaintiff shows good cause, but to leave it to the court's discretion

whether to grant an extension if the plaintiff shows excusable neglect.  *Coleman v. Milwaukee

Bd. of Sch. Dirs.*, 290 F.3d 932, 934 (7th Cir. 2002).  However, following her previous failure to

serve, the Court made clear to Compton in its Memorandum & Order (Doc. 17) of July 29, 2009,

"that this case will be dismissed pursuant to Fed. R. Civ. P. 4(m) unless she either serve[d]

Defendant with a summons or obtain[ed] a waiver of service from Defendant by September 18,

2009." (Doc. 17, p. 3).

Here, a summons was never issued for the reasons aforementioned, and a waiver of

service was never obtained.  Put another way, Compton is in obvious violation of the Court's

3

explicit directive.  In her Response (Doc. 34) to the motion to dismiss, Compton offers no explanation for her failure to meet the Court's requirements; rather, she merely recites the relevant posture of this case and explains that service was issued on Wolfe.  This hardly resembles a showing of good cause or excusable neglect that would further extend the time for service.  Nevertheless, in light of the fact that Compton is proceeding *pro se* and that this case carries statute of limitations concerns, the Court will give Compton one more opportunity to explain herself.

For the foregoing reasons, the Court **DENIES** Compton's Motion for Default Judgment (Doc. 29).  The Court also **ORDERS Compton to show cause on or before December 18, 2009, why her failure to properly serve Lowe's should not result in the granting of Lowe's renewed Motion to Dismiss (Doc. 24).**

**IT IS SO ORDERED.**
**DATED: November 19, 2009**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
