UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DWONKA ELAINE COMPTON,<br><br>    Plaintiff,<br><br>    v.<br><br>LOWE'S COMPANIES, INC.,<br><br>    Defendant. | Case No. 08-cv-809-JPG |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff Dwonka Elaine Compton's ("Compton") Response (Doc. 36) to the Court's Memorandum and Order to Show Cause (Doc. 35) of November 19, 2009, wherein the Court ordered Compton to explain why her failure to obtain service of process on Defendant Lowe's Companies, Inc.'s ("Lowes") should not warrant granting of Lowes' renewed Motion to Dismiss (Doc. 24).

Despite the fact that over one year has passed since Compton originally filed her complaint, she has yet to properly serve Lowes. In light of her *pro se* status and potential statute of limitations issues if this case were dismissed without prejudice, the Court has been generous by giving Compton multiple extensions in which to achieve service despite her repeated failure to do so. This is not to say that Compton has not attempted to serve Lowes. Most recently, Compton attempted to serve Lowes' attorney, Timothy A. Wolfe ("Wolfe"), with the summons and complaint.

However, Compton was apparently unaware of the well-established rule that "service upon a party's attorney is insufficient unless the attorney has been appointed specifically for that purpose." *Trotter v. Oppenheimer & Co., Inc.*, No. 96 C 1238, 1997 WL 102531, at *2 n.4 (N.D. Ill. Mar. 4, 1997). Compton's show cause response explains that she thought service upon Wolfe proper due to Local Rule 5.1(a) and Federal Rule of Civil Procedure 5(b)(1). If Compton read said

rules and the corresponding Federal Rules of Civil Procedure carefully though, she would realize that Local Rule 5.1(a) and Federal Rule 5(b)(1) are directed at "pleadings and other papers," which does not include the summons required for proper service. *See* Fed. R. Civ. P. 7(a). The Court realizes that these distinctions may be difficult for a *pro se* plaintiff to grasp, but it cannot be ignored that the Court previously pointed Compton to the applicable rule governing summons, Federal Rule of Civil Procedure 4. (*See* Doc. 17, p. 3).

While it appears that Compton has continued to "willfully [keep] herself ignorant of the rules under which this Court operates," the Court does not wish to dismiss Compton's potentially meritorious claim on a "technicality" such as imperfect service of process. (*See* Doc. 17, p. 2) (citing *Coleman v. Milwaukee Bd. of Sch. Dirs.*, 290 F.3d 932, 935 (7th Cir. 2002) (Evans, J., dissenting)). Lowes is obviously aware of the complaint against it and has not shown that its ability to defend the suit has been harmed by the delay in service. Having balanced the hardships, the Court finds Compton's misstep in service to constitute excusable neglect and will exercise its discretion in giving her one final stab at accomplishing service. *See Id*. at 934.

For the foregoing reasons, the Court **DISCHARGES** its Memorandum and Order to Show Cause (Doc. 35), **DENIES** Lowes' renewed Motion to Dismiss (Doc. 24), and **ORDERS that Compton achieve service of process on Lowe's no later than February 19, 2010.** The Court notes that this is Compton's final chance to obtain proper service; otherwise, her case will be dismissed.

**IT IS SO ORDERED.**
**DATED: December 21, 2009**

                                                                  s/ J. Phil Gilbert
                                                                   **J. PHIL GILBERT**
                                                                   **DISTRICT JUDGE**