UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DWONKA ELAINE COMPTON,<br><br>    Plaintiff,<br><br>    v.<br><br>LOWE'S COMPANIES, INC.,<br><br>    Defendant. | Case No. 08-cv-809-JPG |

## **MEMORANDUM AND ORDER**

    This matter comes before the Court on Plaintiff Dwonka Elaine Compton's second Motion for Default Judgment (Doc. 43) against Defendant Lowe's Companies, Inc. ("Lowe's"). While the time for a response brief has yet to pass, Lowe's need not file one, as the instant motion is procedurally improper.

    As explicitly mentioned in the Court's Memorandum and Order (Doc. 35) of November 19, 2009, wherein the Court denied Compton's first Motion for Default Judgment (Doc. 29), Federal Rule of Civil Procedure 55(b)(2) allows a party to apply for *judgment* by default after an *entry* of default has first been made. *See, e.g., UMG Recordings, Inc. v. Stewart*, 461 F. Supp. 2d 837, 840 (S.D. Ill. 2006) ("Obtaining a default judgment entails two steps . . . [the first of which requires a] party seeking a default judgment . . . [to] file a motion for entry of default with the clerk of a district court by demonstrating that the opposing party has failed to answer or otherwise respond to the complaint . . . ."). As Compton has failed to meet this fundamental prerequisite of default judgment, the Court cannot and will not grant the relief sought. Of course, if Compton hereafter obtains entry of default, any subsequent motion for default judgment will still be subject to substantive analysis by this Court.

For the foregoing reasons, the Court **DENIES** Compton's second Motion for Default Judgment (Doc. 43).

**IT IS SO ORDERED.**
**DATED: April 1, 2010**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
