UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

DWONKA ELAINE COMPTON,

    Plaintiff,

  v.                                              Case No. 08-cv-809-JPG

LOWE'S COMPANIES, INC.,

    Defendant.

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Lowe's Home Centers, Inc.,[1] (hereinafter "Lowe's") Motion to Dismiss (Doc. 40) and Memorandum (Doc. 41) in support thereof. Specifically, Lowe's seeks dismissal of Compton's claims of gender discrimination, race discrimination and retaliation. Plaintiff Dwonka Elaine Compton (hereinafter "Compton") filed a Response (Doc. 42).

For the following reasons, the Court, *inter alia*, **GRANTS in part and DENIES in part** the instant motion.

## BACKGROUND

For purposes of a motion to dismiss, courts must accept all factual allegations in the complaint as true and draw all reasonable inferences from those facts in favor of the plaintiff. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Tricontinental Indus., Ltd. v. PricewaterhouseCoopers, LLP*, 475 F.3d 824, 833 (7th Cir. 2007). The Court, accepting all of Compton's factual allegations as true and drawing all reasonable inferences in her favor, finds as follows.

---

[1] The Court notes Lowe's Home Centers, Inc. is named as Lowe's Companies, Inc. in the complaint

**I. Facts**

Compton, an African American female,[2] was employed at least from February of 2007 until July 27, 2007, by Lowe's. On February 20, 2007, Compton was given a verbal reprimand. On March 15, 2007, Compton was actually written-up, and she thereafter reported to the corporate office of Lowe's that Rick Hedge (hereinafter "Hedge"), administrative manager and Compton's supervisor, was being unfair to her. On April 2, 2007, after returning from a week of approved training, Compton was again written-up by Hedge. Compton stated she was written-up because the store failed an audit. When Compton was away from the store, Hedge was responsible for making sure all of her daily tasks were completed. Hedge failed to perform these daily tasks. When the store failed the audit, Compton was the sole person blamed. Several other departments have failed their audits, but Compton is not aware of anyone else being written-up as a result.

On April 17, 2007, Compton was again written-up by Hedge. The write-up stated that Compton was not working a discrepancy report on a daily basis. Compton told Hedge this was not true, but he continued the write-up process. Compton has screen print-outs and e-mails that prove she was working on the report on a daily basis. She reported to Lowe's corporate office that Hedge was a racist and chauvinist, which she also discussed with Lowe's area human resource manager.

**II. Relevant Procedural Posture**

On August 9, 2007, Compton filed a charge of discrimination form with the Illinois Department of Human Rights and Equal Employment Opportunity Commission (hereinafter "EEOC"). Following completion of the administrative process, Compton received a right to sue notice from the EEOC.

On August 14, 2008, Compton filed a lawsuit with this Court, alleging employment discrimination against Lowe's under Title VII of the Civil Rights Act of 1964 (hereinafter "Title

---

[2] Compton does not specifically allege she is an African-American female, but the Court will assume this fact to be true due to its nature and the contents of the motion and memorandum in support thereof.

VII"), 42 U.S.C. § 2000e, *et seq*. Specifically, Compton alleges the following: gender discrimination, race discrimination and retaliation. Shortly thereafter, Lowe's filed the instant motion which seeks to dismiss the Complaint (Doc. 2) in its entirety. Federal Rule of Civil Procedure 12(b)(6) serves as the basis of said motion for purported failure to state a claim upon which relief can be granted.

## ANALYSIS

### I.   Motions to Dismiss Generally

The federal system of notice pleading requires only that the plaintiff provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Therefore, the complaint need not allege detailed facts, *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007); likewise, "a 'complaint need not spell out every element of a legal theory' to provide notice." *Scott v. City of Chicago*, 195 F.3d 950, 951 (7th Cir. 1999) (quoting *Hemenway v. Peabody Coal Co.*, 159 F.3d 255, 261 (7th Cir. 1998)).

However, in order to provide fair notice of the grounds for his claim, the plaintiff must allege sufficient facts "to raise a right to relief above the speculative level." *Pisciotta*, 499 F.3d at 633 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint must offer "more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 545. The plaintiff's pleading obligation is to avoid factual allegations "so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under [Federal] Rule [of Civil Procedure] 8." *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007). Nevertheless, "when a complaint adequately states a claim, it may not be dismissed based on a district court's assessment that the

plaintiff will fail to find evidentiary support for his allegations or prove his claim to the satisfaction of the fact finder." *Twombly*, 550 U.S. at 563 n.8.

Put simply, "[a] complaint should not be dismissed unless it either fails to provide adequate notice – as has been required consistently under Rule 8 of the Federal Rules of Civil Procedure – or does not contain 'enough facts to state a claim to relief that is plausible on its face, that is, the claim has not been nudged . . . across the line from conceivable to plausible[.]'" . *Twombly*, 550 U.S. at 570.

The Court also notes that the instant complaint is a *pro se* complaint. Here, courts have been given additional guidance. When reviewing such complaints, courts must liberally construe *pro se* pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hudson v. McHugh*, 148 F.3d 859, 864 (7th Cir. 1998). A *pro se* complaint is not required to explicitly refer to the proper statute or legal theory in order to state a cause of action as long as relief is possible under that statute or theory consistent with the facts pled. *Kennedy v. Nat'l Juvenile Det. Ass'n*, 187 F.3d 690, 695 (7th Cir. 1999), *cert. denied*, 120 S. Ct. 1169 (2000); *Tolle v. Carroll Touch, Inc.*, 977 F.2d 1129, 1134 (7th Cir. 1992)

**II. Gender and Race Discrimination**

To establish a prima facie case of gender or sex discrimination under Title VII, a plaintiff must establish the following elements: (1) she is a member of a protected class; (2) she was meeting her employer's legitimate performance expectations; (3) she suffered an adverse employment action; and (4) she was treated less favorably than similarly-situated individuals who are not members of her protected class. *See Barricks v. Eli Lilly & Co.*, 481 F.3d 556, 559 (7th Cir. 2007).

However, to adequately *plead* a claim of gender or race discrimination, a plaintiff is required to allege less than is required under *Barricks*. The United States Court of Appeals for the

4

Seventh Circuit instructed recently that "a plaintiff alleging employment discrimination . . . may allege these claims quite generally." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). In *Tamayo*, the court "reaffirm[ed] the minimal pleading standard for simple claims of race or sex discrimination." *Id*. at 1084. Under that minimal pleading standard, "in order to prevent dismissal under Rule 12(b)(6), a complaint alleging [employment] discrimination need only aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of her [protected status]." *Id*. "[O]nce a plaintiff alleging illegal discrimination has clarified that it is on the basis of her [protected status], there is no further information that is both easy to provide and of clear critical importance to the claim." *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 782 (7th Cir. 2007).

In the operative complaint, Compton contends she was wrongfully written-up on several occasions by Hedge. She reported to Lowe's corporate office and human resource office that Hedge was a racist and a chauvinist. Compton does not specifically state that Hedge's actions were taken on the basis of her protected status. While Compton fails to state in her complaint she was terminated by Lowe's, this information is provided in her response brief. Still, the Court recognizes that Compton is acting *pro se* and certain inferences can be drawn therefrom, namely, that Compton believes Hedge, a white male, took discriminatory employment action against her motivated not by appropriate supervisory standards but rather based on bigotry and chauvinism. In *Tamayo*, the plaintiff adequately stated a sex-discrimination claim sufficient to withstand Rule 12(b)(6) scrutiny where she alleged that she was female, she suffered an adverse employment action, and the defendant discriminated against her based on her sex and age. 526 F.3d at 1085-86. If the Court were to accept the referenced inferences as true then *Tamayo* is analogous to the instant complaint, as Compton is an African-American female who was reprimanded by her white male supervisor based on her sex and race. Accordingly, the minimal pleading standards of

5

*Tamayo* are seemingly met. However, in an attempt to steer the middle course between necessary rigor in pleading and liberal construction of *pro se* complaints, the Court will require Compton to provide an amended complaint. The Court strongly recommends that Compton familiarize herself with the relevant law, including the case law contained herein, and provide sufficient factual information in the amended complaint regarding her protected status and the specific discriminatory employment actions involved.

### III. Retaliation

To ultimately prove a claim for retaliation, a plaintiff needs to allege "(1) that she engaged in an activity protected by Title VII; (2) that she suffered an adverse action taken by the [defendant]; and (3) [that there is] a causal connection between the two, under either the direct or indirect method of proof." *See O'Neal v. City of Chicago*, 588 F.3d 406, 409 (7th Cir. 2009). However, to adequately plead a claim of retaliation, a plaintiff is required to allege less than Lowe's contends is required under *O'Neal*. As evidence of this, the Court points out that in *O'Neal*, the court stated the above elements need be alleged "[t]o survive summary judgment." *O'Neal*, 588 F.3d at 409. In *E.E.O.C. v. Concentra Health Services, Inc.*, 2006 WL 2024240, the requirements to state a claim for retaliation were further refined. The *Concentra* court held that retaliation claims require a plaintiff to plead "that he engaged in statutorily protected expression. For this expression to be statutorily protected, the employee must have reasonably believed that he opposed an unlawful employment practice. For the employee's belief to be reasonable, the conduct he opposed and reported must actually be prohibited by Title VII." *E.E.O.C. v. Concentra Health Services, Inc.*, No. 05 C 1109, 2006 WL 2024240, at *1 (N.D. Ill. July 12, 2006)

In the instant case, Compton states she was wrongfully written-up after reporting to Lowe's corporate office and human resource office that Hedge was a racist and chauvinist. As previously pointed out, the Court must liberally construe *pro se* pleadings. *See Haines v. Kerner*, 404 U.S.

6

519, 520 (1972). Here, Compton's alleged facts show that she, an African-American female, was wrongfully disciplined several times by a male supervisor and she reports these actions to Lowe's corporate office. On one such occasion she reports that the supervisor is a racist and chauvinist. What is not included in the complaint – but is included in Compton's response – is that Compton was terminated several months later.  It is reasonable to infer that Compton's report to the corporate office and the human resource office was based on her belief that violations of unlawful practices under Title VII, specifically race and gender discrimination, had occurred. Such conduct is obviously prohibited by Title VII.  Accordingly, the Court concludes that Compton does state a sufficient claim of retaliation.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS in part and DENIES in part** the Motion to Dismiss (Doc. 40).  Specifically, the Court finds that Compton states a sufficient claim of retaliation; however, the Court **ORDERS** Compton to file an amended complaint no later than August 20, 2010, that states the alleged gender and race discrimination with greater specificity.

**IS SO ORDERED.**
**DATED: July 15, 2010**

                                                        s/ J. Phil Gilbert
                                                       **J. PHIL GILBERT**
                                                       **DISTRICT JUDGE**